WILLIAM SEAN DAHL, Defendant BelowA-ppellant,
v.
STATE OF DELAWARE, Plaintiff BelowA-ppellee.
No. 167, 2008.
Supreme Court of Delaware.
Submitted: September 16, 2008.
Decided: October 20, 2008.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 20th day of October 2008, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, William Sean Dahl, filed an appeal from the Superior Court's March 6, 2008 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and AFFIRM.
(2) In 1999, Dahl was indicted on more than 20 counts of Dealing in Child Pornography. He pleaded guilty to 10 counts. In March 2000, he was sentenced to 12 years incarceration at Level V, to be suspended after 3 years for 9 years of decreasing levels of supervision.[1] As a condition of Dahl's probation, he was to have no contact with anyone less than 21 years of age.
(3) After serving the Level V portion of his sentence, Dahl was released to Level IV Home Confinement on December 2, 2004. In May of 2005, he was allowed to leave his home on Saturdays from 12:00 noon to 2:00 p.m. On several occasions during the month of May 2005, Dahl went to the picnic area of a pizza shop next to the New Castle County Dance Academy and sat watching the children who attended the dance academy as they walked to and from the pizza shop. The dance instructor filed a report with the Delaware State Police and Dahl was arrested.
(4) In July 2006, Dahl was found to have committed a violation of probation ("VOP") in connection with his sentence for dealing in child pornography, among others. He was sentenced to a total of 8 years at Level V, to be suspended after 3 years for 8 months at Level IV Work Release and 8 years at Level III probation.
(5) Dahl had previously been convicted of Loitering by a Sex Offender Within 500 Feet of a School. At the VOP hearing, he also was sentenced on that conviction to an additional 20 years as a habitual offender. This Court subsequently overturned Dahl's loitering conviction and sentence, concluding that the State had failed to prove that the site of the offense was a "school" within the contemplation of Del. Code Ann. tit. 11, § 1112(a) (2).[2] On June 19, 2007, the Superior Court entered a judgment of acquittal on the loitering conviction, but did not alter Dahl's VOP sentence.
(6) In this appeal from the Superior Court's denial of his postconviction motion, Dahl claims that a) the Superior Court judge's VOP sentence reflects bias and vindictiveness; b) the VOP sentence is excessive in light of this Court's reversal of his loitering conviction; and c) his counsel provided ineffective assistance in connection with the VOP.
(7) Dahl's first claim is that the Superior Court judge's VOP sentence reflects bias and vindictiveness. This Court's review of criminal sentences is extremely limited.[3] Where a sentence falls within the statutory limits, as in this case, we consider only whether the sentence was based on factual predicates that were false, impermissible, or lacked minimal reliability, or is indicative of judicial vindictiveness, bias, or a closed mind.[4] A judge sentences with a closed mind when the sentence is based on a preconceived bias without consideration of the nature of the offense or the character of the defendant.[5]
(8) In this case, the sentencing transcript reflects that the Superior Court considered all the relevant factors bearing on Dahl's VOP sentence, including the probation officer's report that Dahl had been keeping company with a minor and had failed to report being fired from his job, Dahl's allegation of childhood sexual abuse, his pattern of sexual offenses involving children, and his history of probation violations. The transcript further reflects that the Superior Court's decision to sentence Dahl as it did was based on a careful weighing of those factors. In the absence of any evidence of bias, vindictiveness or a closed mind on the part of the Superior Court, we conclude that Dahl's first claim is without merit.
(9) Dahl's next claim is that his VOP sentence is excessive in light of this Court's reversal of his loitering conviction. A review of the sentencing transcript reflects that the Superior Court judge based its VOP sentence on a number of factors unrelated to Dahl's loitering conviction. As outlined by the Superior Court, Dahl was convicted in 1989 of Unlawful Sexual Contact in the First Degree and Unlawful Sexual Contact in the Third Degree. In 1996, Dahl violated his probation. In 1998, Dahl was convicted of Unlawful Sexual Contact in the Third Degree. In 1999, Dahl was indicted on more than 20 counts of Dealing in Child Pornography and pleaded guilty to 10 of those counts. In 2000, Dahl was convicted of 3 counts of Unlawful Sexual Contact With a Minor and was sentenced to 2 years in prison. In light of Dahl's extensive history of sexual offenses and violations of probation, we conclude that the Superior Court's VOP sentence was not excessive and that this claim is, therefore, without merit.
(10) Dahl's final claim is that his counsel provided ineffective assistance. Specifically, Dahl argues that his counsel should not have stated that Dahl was prepared to admit to the VOP and should have objected to the VOP sentence. In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that, but for his counsel's alleged errors, the outcome of the proceedings would probably have been different.[6] The transcript of the VOP hearing reflects that there were multiple bases for the Superior Court's decision to sentence Dahl as it did. There is no evidence that, but for actions taken by Dahl's counsel, the outcome of the proceedings would have been any different. We, thus, conclude that this claim, too, is without merit.
(11) It is manifest on the face of Dahl's opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] The Superior Court's subsequent denial of Dahl's motion for correction of an illegal sentence was affirmed by this Court on appeal. Dahl v. State, Del. Supr., No. 362, 2003, Steele, J. (Mar. 2, 2004).
[2] Dahl v. State, 926 A.2d 1077, 1083-84 (Del. 2007). The Superior Court's finding that Dahl had been loitering within 500 feet of the dance academy was not disturbed. Id at 1082.
[3] Mayes v. State, 604 A.2d 839, 842 (Del. 1992).
[4] Id. at 842-43.
[5] Weston v. State, 832 A.2d 742, 746 (Del. 2003).
[6] Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).