# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
 )
 )
      Plaintiff, )
 )
 )
 )
v. ) Cr. ID. No. 121104419
 )
 )
 )
RON PHILLIPS, )
 )
      Defendant. )

Submitted: September 1, 2017
Decided: October 5, 2017

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

John Downs, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Ron Phillips, Howard R. Young Correctional Institute, Wilmington, Delaware, *pro se*.

**MAYER,** Commissioner

This 5th day of October, 2017, upon consideration of Defendant's Motion for Postconviction Relief and the record in this matter, the following is my Report and Recommendation.

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1. Defendant was originally indicted (and then re-indicted) on twenty-four (24) charges including numerous felony offenses. Defendant eventually pled guilty on February 10, 2015, to Assault First Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF") and Gang Participation, and as part of the plea agreement, all other charges were dismissed. The plea related to a 2009 incident whereby Defendant threw a knife at one victim and then shot another in the stomach. The Plea Agreement was signed by Defendant, and his counsel, and indicated that the recommendation/agreement was "Open sentencing." Defendant also executed a Truth in Sentencing Guilty Plea Form that informed him of the rights he was waiving, the range of penalties, including the minimum and maximum penalty, as well as other conditions. Defendant acknowledged that the total maximum penalty could be 53 years of incarceration with a minimum mandatory term of 5 years at Level 5.

2. On November 13, 2015, Defendant was sentenced as follows: (i) for the Assault First Degree conviction, Defendant was sentenced to 20 years at Level 5, suspended after 8 years for 2 years at Level 3; (ii) for the PFDCF conviction

1

Defendant received 5 years at Level 5; and (iii) for the Gang Participation charge, Defendant was sentenced to 2 years at Level 5, suspended for 1 year at Level 2.

3. Through the course of his case, Defendant's trial counsel filed three motions to dismiss[1] and Defendant independently submitted several letters and papers with the Court that included requests for relief such as a motion to dismiss and a Petition for a Writ of Habeas Corpus.[2] In addition, Defendant, with the assistance of counsel, filed a Motion for Reduction of Sentence.[3]

4. On November 9, 2016, Defendant filed a Motion for Postconviction Relief and asserted three grounds for relief: (i) Defendant's understanding of the plea agreement was undermined by his education and counsel's explanation and therefore the plea was not knowing and intelligently entered into; (ii) the sentencing judge, having presided over his co-defendant's trial, may have been privy to evidence incriminating Defendant which led to the judge imposing an excessive sentence; and (iii) Defendant's plea was coerced because he was promised that the mother of his children would not be prosecuted for felony charges.

---

[1] D.I. #s 2, 18, 44.

[2] D.I. #s 11, 13, 17, 24, 29, 30.

[3] D.I. # 57.

5. Before ruling on Defendant's motion, the record was enlarged and Defendant's trial counsel was directed to submit an Affidavit responding to Defendant's claims. Thereafter, the State filed a response to the motion[4] and Defendant filed a reply thereto.[5]

## ANALYSIS OF DEFENDANT'S RULE 61 MOTION

6. Prior to ruling on a motion for post-conviction relief, the Court must first determine whether there are any procedural bars before considering the merits of the claims.[6] This is Defendant's first motion under Superior Court Criminal Rule 61 and it was timely filed.

7. All of Defendant's arguments relate to his plea and sentencing. However, Defendant did not file a Motion to Withdraw the Guilty Plea and his Motion for Modification/Reduction of Sentence has already been denied by this Court. In its decision, this Court reviewed Defendant's plea and held that after addressing the Defendant in open court, the Court determined that the Defendant understood the nature of the charges, as well as the mandatory minimum and maximum penalty

---

[4] D.I. # 82.

[5] D.I. # 85. The Court also granted Defendant's Motion to Proceed *in forma pauperis* and he was provided with copies of the Guilty Plea and Sentencing Transcripts.

[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

provided by law.[7] I have also reviewed the Guilty Plea Transcript which confirms this Court's findings.[8]

8. During the plea hearing, trial counsel reported that he had met with Defendant many times over the course of the preceding years and specifically with respect to the plea agreement and its terms. Trial Counsel also indicated that Defendant understood that he was waiving certain rights by entering the plea, that he was aware of the range of penalties he exposed himself to and that there was a basis for entering the plea.

9. The Court then engaged in a plea colloquy with the Defendant and in response to questions from the Court, Defendant agreed with the comments his counsel made, acknowledged that he read and understood the Plea Agreement and Truth-in-Sentencing Form and that his answers were accurate, indicated he was satisfied with his counsel's representation, and acknowledged that by pleading guilty he was waiving certain rights including the right to a trial.[9]

---

[7] *See* Order Denying Defendant's Motion for Reduction/Modification of Sentence dated March 2, 2016 at D.I. # 60.

[8] *See* Feb. 11, 2015 Transcript of Plea Colloquy (hereinafter "Plea Tr. at _____").

[9] Plea Tr. at pgs. 4-6.

10. The Court also reminded Defendant that he faced a maximum of 53 years of incarceration and a minimum of 5 years of incarceration.[10] At the plea colloquy Defendant then indicated he believed he was "promised" a 5 year sentence.[11] However, trial counsel clarified that Defendant *hoped* to make an argument to the Court to support a recommendation but that Defendant understood that the Court ultimately makes a final determination as to the sentence.[12] When the plea colloquy resumed, Defendant stated he understood that the Court would decide the sentence, that he was satisfied with his legal counsel, and after the charges were read, Defendant plead guilty to each charge that comprised the plea agreement.[13] Only after an extensive colloquy did the Court then accept the plea as made knowingly, intelligently and voluntarily. Consistent with the parties' agreement in the Plea Agreement, the Court ordered a presentence investigation.

11. After considering the foregoing, I find no merit to Defendant's claim challenging his acceptance of the plea. The plea colloquy, the Plea Agreement, the

---

[10] Plea Tr. at pgs. 6-7.

[11] Plea Tr. at pg. 8.

[12] Plea Tr. at pgs. 8-9 and Affidavit of Gregory M. Johnson, D.I. #74. In furtherance of that goal, at sentencing, Trial Counsel did in fact argue at length on behalf of the Defendant for leniency and requested that the Court impose no more than 5 years.

[13] Plea Tr. at pgs. 8-12.

5

Truth-in-Sentencing Form, and counsel's Affidavit, reflect Defendant's awareness of the terms of the plea, the mandatory minimum penalty and the possible maximum penalty. Moreover, Defendant acknowledged that he fully understood the charges against him and the consequences of pleading guilty. The guilty plea colloquy was thorough and covered all necessary aspects of the waiver of Defendant's rights.

12.     Likewise, Defendant's argument of a "coerced plea" is unsupported by the record. At the sentencing hearing, Trial Counsel relayed that Defendant had asked that he "please do everything you can to see that Ms. Santiago does not get a felony charge in this case."[14] To which Trial Counsel responded "I did my best, for what it is worth, to communicate to [her] attorney that desire. And ultimately, I understand, Ms. Santiago, nonetheless pled to Conspiracy Second Degree."[15] Trial Counsel also advised the court that during plea negotiations, he contacted the State and counsel for Ms. Santiago in an effort to see that she be given a plea offer that did not include any felony offenses. However, trial counsel made no promises to Defendant that he would be successful and Defendant's plea was not contingent upon Ms. Santiago receiving a misdemeanor plea offer.[16]

---

[14]  Nov. 13, 2015 Sentencing Transcript at pg. 6 (hereinafter "Sent. Tr. at
_____").

[15]  Sent. Tr. at pg. 6.

[16]  Affidavit of Gregory Johnson at D.I. # 74.

6

13. It is evident that although Trial Counsel attempted to assist his client and Ms. Santiago with resolution of her charges, she was represented by separate counsel and she made her own decision to plead guilty. When Defendant was specifically asked whether anyone forced him to enter the plea, Defendant responded "No, Your Honor."[17] Defendant has provided no basis to deviate from the Court's decision to accept the plea and he has offered no facts or circumstances to support coercion.[18]

14. With respect to Defendant's third claim, the Sentencing Transcript reflects Trial Counsel's efforts to have the Court separate the actions of any co-defendants from that of the Defendant himself. Furthermore, in rendering the sentence, there is nothing in the record to indicate that the Court took into consideration anything other than the charges, Defendant's history with the criminal justice system, argument from counsel, and Defendant's own statements to the Court.[19] At the time of the sentencing hearing, Defendant was afforded an opportunity to address the Court and did so. In addition to counsel's plea for the minimum mandatory of five years,

---

[17] Plea Tr. at pg. 6.

[18] *Windsor v. State*, 2015 WL 5679751, at *3 (Del., Sept. 25, 2015) (holding that absent clear and convincing evidence to the contrary, defendant is bound by his sworn statements).

[19] The court has broad discretion in the sentencing process and can consider the defendant's personal history and behavior which is not confined exclusively to conduct for which the defendant was convicted. *Johnson v. State*, 2011 WL 2083907, at *8 (Del. Super. May 4, 2011).

Defendant himself made an impassioned and well spoken plea for leniency. At no time during the sentencing did Defendant raise the issue of perceived bias or suggest that the judge's recusal would be appropriate. Moreover, the sentence given to Defendant is fully within the guidelines for the charges. There is simply no evidence of bias, vindictiveness or a closed mind on behalf of the judge in sentencing the Defendant.[20] As such, Defendant's final argument is meritless.

15. Finally, to the extent Defendant intended to raise the issue of ineffective assistance of counsel, his claims do not rise to the level necessary to warrant relief. When reviewing a claim of ineffective assistance of counsel, the Court must analyze counsel's conduct based upon all of the facts of the case and avoid peering through the lens of hindsight.[21] In order for Defendant's motion to succeed, he must prove that (i) counsel's representation fell below an objective standard of reasonableness; and (ii) the error was so prejudicial that Defendant would not have plead guilty and would have insisted on going to trial.[22] Defendant must overcome a strong

---

[20] *See Dahl v. State*, 2008 WL 4616854, at *1 (Del. Oct. 20, 2008) ("Where a sentence falls within the statutory limits, as in this case, we consider only whether the sentence was based on factual predicates that were false, impermissible, or lacked minimal reliability, or is indicative judicial vindictiveness, bias, or a closed mind.")

[21] *State v. Wright*, 653 A.2d 288, 295 (Del. Super., 1994).

[22] *State v. Kashner*, 2016 WL 354999, at *1 (Del. Super., Jan. 27, 2016); *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

presumption that counsel's conduct was reasonably professional under the circumstances.[23] It is evident from the record in this matter that Trial Counsel informed Defendant of the consequences of his plea, attempted to assist Defendant with his concerns over his friend's criminal matters and argued vigorously on behalf of his client for a lenient sentence. Therefore, there was no error by counsel but rather, counsel acted reasonably and professionally with respect to these matters.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be Denied.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc:   Prothonotary
cc:   Ron Phillips
      John Downs, Esquire

---

[23] *State v. Wright*, 653 A.2d 288, 293-94 (citations omitted).